in open court during their deliberation, to withdraw erroneous instructions and give additional ones, is undoubted. *Hall v. State* (1856), 8 Ind. 439; *Purdy v. State* (1977), 267 Ind. 282, 369 N.E.2d 633; *Jamieson v. State* (1978), 268 Ind. 599, 377 N.E.2d 404. We do not think these provisions were meant to ban any and all supplementary instructions.

Moreover, the recent case of *Brannum v. State* (1977), 267 Ind. 51, 366 N.E.2d 1180, does not contradict this view. In that case, the trial court judge gave a supplementary instruction emphasizing a certain aspect of the law mentioned by the defense counsel in closing argument which the judge apparently thought was hindering the jury's deliberations. The Indiana Supreme Court found this to be reversible error, relying in part on the violation of the IC 35-1-35-1 procedure. It seems to us that *Brannum* was more concerned with the prejudice raised by emphasizing a particular aspect of evidence or law in giving a supplemental instruction, rather than the procedural violation. We further note that in the instruction before us the judge cautions the jury that the instruction is not more important than the others and should be considered together with and as a part of the other instructions.

The verdict of the jury is affirmed.

Lowdermilk, J., concurs.

Hoffman, J., (sitting by designation) concurs.

NOTE—Reported at 386 N.E.2d 692.

---

IN RE MARRIAGE OF PATRICK J. MCMANAMA
AND GERTRUDE FIGURA MCMANAMA.

[No. 3-1277A332. Filed March 8, 1979. Transfer granted February 4, 1980.]